# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3289

_____

| | |
|---|---|
| Dale Eugene Schlichting, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Minnesota. |
| United States of America, | * |
| | * [UNPUBLISHED] |
| Appellee. | * |

_____

Submitted: November 20, 2009
Filed: December 7, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Dale Eugene Schlichting appeals the district court's[1] order denying his 28 U.S.C. § 2255 motion challenging his sentences for mail fraud and engaging in monetary transactions in criminally derived property. The district court granted a certificate of appealability on Schlichting's claim that counsel was ineffective at sentencing for failing to challenge enhancements under U.S.S.G. § 2B1.1(b)(1)(I) (loss between $1 million and $2.5 million), § 2B1.1(b)(8)(C) (violation

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

of prior administrative order or decree), § 3A1.1(b) (vulnerable victim), and § 3B1.3 (abuse of position of trust). Schlichting, however, stipulated to these enhancements in his plea agreement and at his plea hearing. See United States v. His Law, 85 F.3d 379, 379 (8th Cir. 1996) (per curiam) (defendant is bound by promise made in plea agreement). Schlichting does not assert ineffective assistance with respect to the plea agreement, and he expressed satisfaction with his plea attorney's representation at the plea hearing. Having carefully reviewed the record, the briefs, and the applicable law, we conclude that Schlichting cannot show that sentencing counsel acted unreasonably in abiding by the plea agreement's terms or that he was prejudiced by counsel's failure to challenge the agreed-upon enhancements. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984) (ineffective assistance standard); United States v. Davis, 406 F.3d 505, 508 (8th Cir. 2005) (we review ineffective assistance claims de novo). Accordingly, we affirm. See 8th Cir. R. 47B.

_____